# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

AUBREY BRIAN EDWARDS, #340312,

    Petitioner,

v.                                            ACTION NO. 2:07cv330

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus.

## I. STATEMENT OF THE CASE

### A. Background

Petitioner Aubrey Brian Edwards ("Edwards") was convicted of two counts of grand larceny and two counts of breaking and entering with intent to commit larceny in the Circuit Court for the City of Hampton on April 21, 1989. On May 17, 1989, petitioner was sentenced to a term of ten (10) years of imprisonment on each of the four counts. Seven (7) years of each of the ten (10) year

sentences were suspended for a period of twenty (20) years from the day of sentencing, May 17, 1989, "on the condition that the defendant be of good behavior, not violate any laws, that he follow the rules and regulations of his probation and parole officer and on the further condition that he complete two hundred (200) hours of Community Service." (Pet. Ex. 1). The sentences were not concurrent. Therefore, the petitioner was sentenced to a total of twelve (12) years to serve and twenty eight (28) years suspended for twenty (20) years beginning on May 17, 1989, on the above listed conditions. Petitioner was credited time served.

Edwards was released from incarceration on January 3, 1995, and was released from parole on July 22, 1997. Late in 1998, Edwards was arrested in Florida for absconding from supervised probation and was extradited to Virginia. On January 27, 1999, he was found to have violated his probation and his sentences were revoked and re-suspended. He was also ordered to supervised probation for a period of ten (10) years. The suspension of his sentences were conditioned on 1) ten (10) years good behavior, 2) entry into and successful completion of either the Piedmont House Program or the Gemeinschaft Home Program, 3) ten (10) years supervised probation to begin on release from above program, 4) payment of court and extradition costs, and 5) providing a DNA sample before being released from custody. (Pet. Ex. 7). On July 29, 1999, the Court again revoked the suspension of the original sentences (totaling twenty eight (28) years) and re-suspended those sentences for a period of ten (10) years conditioned, again, on good behavior, ten (10) years supervised probation, and court costs.

The court next found that Edwards had violated his probation on March 12, 2003. His sentences were again revoked and re-suspended, this time for a period of twenty (20) years on the condition of good behavior, twenty (20) years supervised probation, and court costs. Edwards was

again found in violation of his probation on March 10, 2004. His sentences were again revoked and again re-suspended for a period of ten (10) years conditioned on good behavior, court costs, payment of $800.00 in restitution, and supervised probation. On November 3, 2004, the Court found Edwards guilty of a fifth probation violation. Judge Lerner ordered that the four (4) seven (7) year portions of his original sentence (totaling twenty eight (28) years) be executed and that Edwards pay court costs.

Edwards appealed the revocation of his sentences. The Virginia Court of Appeals denied his petition for appeal on June 17, 2005. The Virginia Supreme Court denied his appeal on November 10, 2005. The Virginia Supreme Court denied Edwards's habeas corpus petition on January 30, 2007, and re-hearing was denied on May 1, 2007.

Edwards, presently in the custody of the Virginia Department of Corrections at the Haynesville Correctional Center in Haynesville, Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 19, 2007. On August 27, 2007, respondent filed a Rule 5 Answer and Motion to Dismiss. Edwards filed a response to the Motion to Dismiss on September 17, 2007.

### B. Grounds Alleged

Edwards asserts the following entitle him to relief under 28 U.S.C. § 2254:

  (a) that he was denied due process at his fifth probation violation hearing, held on November 3, 2004, when:

    (i) the prosecution failed both to prove that he was on probation in the first place and that he had been convicted of the violating offenses; and

    (ii) he was not allowed to testify on his own behalf;

3

    (b)    that he was denied effective assistance of counsel at his fifth probation violation hearing, held on November 3, 2004, due to his counsel's failure to:

        (i)    investigate the facts of the case before and during the revocation proceedings to determine whether Edwards was in fact still on probation and thereby subject to the sentence;

        (ii)    investigate the facts of the case to determine whether Edwards had in fact been convicted of the violating offenses;

        (iii)    object to the Judge's refusal to allow Edwards to testify on his own behalf;

        (iv)    object to the imposition of the entire sentence; and

        (v)    preserve for appeal that the defendant was not convicted of the violating offenses and, in fact, for conceding that he was so convicted; and,

    (c)    that the Virginia Supreme Court erred by not fully considering all claims made in his habeas petition in that court.  In particular Edwards asserts that the Court failed to address fully the due process claims asserted in his state habeas corpus petition.

## II. <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

Edwards previously asserted his due process and ineffective assistance of counsel claims, Grounds (a) and (b), in his state habeas corpus petition to the Supreme Court of Virginia.  Pursuant to Title 28 of U.S.C. § 2254, a federal court may not grant relief on any claim that the Virginia Supreme Court adjudicated on the merits[1] unless the Virginia Supreme Court's adjudication:

---

[1] The Virginia Supreme Court does not have to set forth findings of fact and conclusions of law in its disposition of a claim for the claim to be "adjudicated on the merits." <u>Wright v. Angelone</u>, 151 F.3d 151, 156-57 (4th Cir.1998).

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

The Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362 (2000). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 1511.

The Virginia Supreme Court, on January 30, 2007, decided Edwards's petition for habeas corpus was frivolous. On May 1, 2007, Edwards petition for re-hearing was denied. Because the Virginia Supreme Court summarily rejected Edwards's petition, this Court will conduct an independent review of the applicable law to determine whether Edwards has made the requisite demonstration under 28 U.S.C. § 2254(d)(1)-(2). Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000). This independent review is limited to determining "whether the state court's adjudication of the claims before it was a reasonable one in light of the controlling Supreme Court law." Bell v. Jarvis, 236 F.3d at 162. The Supreme Court has further admonished,

> factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(c)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless

> objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2).

Miller-El v. Cockrell, 537 U.S. 322 (2003).

There is no indication from the record that the Virginia Supreme Court's adjudication on the merits was contrary to, or involved an unreasonable application of, clearly established federal law nor has it resulted in a decision that was based on an unreasonable determination of the facts.

Petitioner argues in Ground (a) that he was denied due process during his fifth probation hearing when the prosecution failed to prove 1) that he was on probation, and 2) that he had been convicted of the violating offenses of defrauding an innkeeper and writing a fraudulent check. It is clear from Petitioner's Exhibit 1, however, that the petitioner was in fact on probation when he was violated. The language of that document, from his initial conviction, clearly states, as to each of the four charges of his initial conviction, that the Petitioner was sentenced to "confinement in the penitentiary . . . for the term of ten (10) years" and that the court suspended "seven (7) years of the foregoing sentence for a period of twenty (20) years on the condition *that he follow the rules and regulations of his probation and parole officer* and on the further condition that he perform two hundred (200) hours of Community Service." (Pet. Ex. 1) (emphasis added).

Furthermore, according to petitioner's Exhibit 7, the petitioner's probation was reinstated after each violation. Exhibit 7 includes all five probation violations. For the petitioner's first probation violation his sentence was revoked and re-suspended for ten (10) years conditioned on good behavior, entry into and completion of the Piedmont House Program or the Gemeinschaft Home Program, *Supervised Probation for a ten (10) year period to begin upon release from one of the above listed programs*, Costs, and DNA Testing in accordance with the Code of Virginia (Section

19.2-310.2 and 19.2-310.3). The petitioner was credited time in confinement awaiting trial. (Pet. Ex. 7). After his second probation violation the petitioner's suspended sentence was again revoked and reinstated for a period of ten (10) years on condition of good behavior, *supervised probation for ten (10) years from his release from confinement*, and costs. The court again credited time served in confinement awaiting his probation hearing. After his third probation violation the Circuit Court for the City of Hampton again revoked the suspension of his original sentence and reinstated the suspension for a period of twenty (20) years conditioned on good behavior, *supervised probation for twenty (20) years*, and costs. Petitioner's suspended sentence was again revoked and re-suspended after his fourth probation violation this time for a period of ten (10) years on condition of good behavior, costs, restitution, and *supervised probation to begin upon his release from confinement*. At Edwards's fifth probation violation hearing, Judge Lerner "revoked the suspension of the sentences originally imposed on May 17, 1989, and ordered that the unserved portion of the four (4), seven (7) year portions of the four (4), ten year sentences be executed." (Pet. Ex. 7.) It is clear from the original sentencing language and the five probation violation hearings that the petitioner was in fact on probation at the time of his violation and that this fact was proven by the prosecution in the fifth probation hearing.

It is further evident from the record that petitioner was in fact convicted of the violating offenses. According to the transcript of the November 3, 2004, hearing, when asked by his lawyer whether he was convicted of "defrauding an innkeeper and of writing a bad check" the petitioner answered "Yes, sir." See Tr. Prob. Viol. Hrg. Nov. 3, 2004, at 36. The petitioner further explained, at the November 3, 2004, hearing, the circumstances of each offense and admitted that he served thirty (30) days on each charge. Id. at 36-38. Clearly the prosecution proved that the petitioner had

been convicted of the violating offenses.

Petitioner also claims that due process was violated during his fifth probation hearing on November 3, 2004, when he was not allowed to testify on his own behalf at that hearing, Ground (a)(ii). According to the transcript of that hearing, however, the petitioner did, in fact, testify at his fifth probation revocation hearing. Id. at 32-58.

The petitioner further claims that he was denied effective assistance of counsel at his November 3, 2004, hearing, Ground (b), due to his counsel's failure to 1) investigate the issue of whether Edwards was on probation, 2) investigate the issue of whether Edwards had been convicted of the violating offenses, 3) object to the Judge's refusal to allow Edwards to testify, 4) object to the imposition of the entire sentence, and 5) preserve for appeal the issue of whether Edwards had been convicted of the violating offenses and instead conceding that he was so convicted.

According to Gagnon v. Scarpelli, "the decision as to the need for counsel [at a probation revocation proceeding] must be made on a case-by-case basis in the exercise of sound discretion by the state authority charged with the responsibility for administering the probation and parole system." Gagnon, 411 U.S. 778, 790 (1973). The court further noted that the "presence and participation of counsel will probably be both undesirable and constitutionally unnecessary in most revocation hearings." Id. at 790. Under Gagnon, counsel should be provided when defendant makes a

> timely and colorable claim (i) that he has not committed the alleged
> violation of the conditions upon which he is at liberty; or (ii) that, even
> if the violation matter is a matter of public record or is uncontested,
> there are substantial reasons which justified or mitigated the violation
> and make revocation inappropriate, and that the reasons are complex
> or otherwise difficult to develop or present.

Id. at 790. The transcript of Edwards's November 3, 2004, hearing demonstrates that his is not the

8

type of case warranting counsel. The proceeding was short, he admitted to having committed the violations, and the issues discussed were not complex or difficult to develop or present.

Even if Edwards was entitled to counsel at the hearing, his counsel was not ineffective. Strickland v. Washington sets out the two factors that constitute ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 668 (1984). According to Strickland, counsel is ineffective if "counsel's representation fell below an objective standard of reasonableness." Id. at 688. This objective standard is further defined as "reasonableness under the prevailing professional norms." Id. at 688. Moreover, even if defendant does overcome this standard, defendant must further show that the unreasonable performance prejudiced the outcome of his hearing. Failure to show "either deficient performance or sufficient prejudice defeats the ineffectiveness claim." Id. at 700.

As discussed above, Edwards was on probation, was convicted of the violating offenses, and did have the opportunity to testify. Therefore, his ineffective counsel claims as to those three points are without merit. Because Edwards was on probation, was convicted of the violating offenses, and was violating his probation for the fifth time, defense counsel was "reasonable under the prevailing professional norms" in his decision to not object to the imposition of the entire sentence. Id. at 688. Furthermore, it is unlikely that a defense counsel objection would have brought about any change in the outcome of the hearing. Counsel's representation did not fall "below an objective standard of reasonableness" and counsel committed no error that effected the outcome of the proceeding. Id. at 688. Petitioner's arguments that defense counsel failed to preserve for appeal the issues of whether petitioner was on probation and whether he was convicted of the violating offenses, Ground (b)(v), are without merit for the same reasons.

Finally, Ground (c), which is based on a post-conviction proceeding, is barred. "Claims of

9

error occurring in state post-conviction proceedings cannot serve as a basis for federal habeas corpus relief." Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988); Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998) (explaining that petitioner is not currently detained as a result of a decision of the Virginia Supreme Court in his habeas action, thus, a challenge to Virginia's state habeas corpus proceedings cannot provide a basis for federal habeas corpus relief).

For the above reasons this Court recommends denial of Edwards's Grounds (a), (b) and (c).

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Edwards's petition for writ of habeas corpus be DENIED and the respondent's motion to dismiss be GRANTED.

Edwards's Ground (a) should be DENIED because petitioner was on probation, was convicted of the violating offenses, and did testify at his revocation hearing. Therefore the alleged due process violations are without merit.

Edwards's Ground (b) should be DENIED because petitioner failed to show that counsel was ineffective under the test of Strickland v. Washington.

Edwards's Ground (c) should be DENIED because state post-conviction proceedings cannot be reviewed in a federal habeas review.

Edwards has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28

U.S.C. § 636(b)(1)(C):

    1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

    2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

    The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based upon such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

                                                          /s/
                                            Tommy E. Miller
                                  United States Magistrate Judge

Norfolk, Virginia
November 26, 2007


## **CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Aubrey Brian Edwards, #340312
Haynesville Correctional Center
PO Box 129
Haynesville, Virginia 22472


Robert F. McDonnell, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

                                          Fernando Galindo, Clerk


                              By _____
                                      Deputy Clerk

                                        November        , 2007