<b>UNITED STATES DISTRICT COURT<br>
FOR THE EASTERN DISTRICT OF VIRGINIA<br>
Norfolk Division</b>



FILED
FEB 19 2008
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**AUBREY BRIAN EDWARDS, #340312,**

    Petitioner,

v.                                     Civil No. 2:07cv330

**GENE M. JOHNSON, Director of the<br>
Virginia Department of Corrections,**

    Respondent.

## ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of federal rights pertaining to petitioner's probation violation hearing held on November 3, 2004, in the Circuit Court for the City of Hampton, as a result of which he was sentenced to serve twenty-eight years in the Virginia penal system.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. Report of the Magistrate Judge was filed on November 26, 2007, recommending dismissal of the petition. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. On December 12, 2007, the Court received petitioner's objections to the Report and Recommendation.

The only objection raised by the petitioner that was not sufficiently addressed in the Report and Recommendation is whether the petitioner was initially sentenced to a period of supervised probation on May 17, 1989. For each of the four charges of his initial conviction, the petitioner was

sentenced to "ten (10) years in the state penitentiary" with seven (7) years suspended for a period of twenty (20) years "on the condition that the defendant be of good behavior, not violate any laws, that he follow the rules and regulations of his probation and parole officer, and on the further condition that he perform two hundred (200) hours of Community Service." (Pet. Ex. 1). The petitioner argues that the above language is not sufficient to impose a period of supervised probation whereas the respondent argues that the above language is sufficient to impose a period of supervised probation. However, resolving this dispute is unnecessary because the trial court's May 17, 1989, judgment imposed a suspended sentence and because the trial court's January 27, 1999, revocation order explicitly revoked the petitioner's suspension of sentence, not his supervised probation. Virginia Code § 19.2-306 states, in relevant part:

> A. In any case in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within ... the period of suspension fixed by the court.
>
> ...
>
> C. If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then: (i) if the court originally suspended the imposition of sentence, the court shall revoke the suspension, and the court may pronounce whatever sentence might have been originally imposed or (ii) if the court originally suspended the execution of the sentence, the court shall revoke the suspension and the original sentence shall be in full force and effect. The court may again suspend all or any part of this sentence and may place the defendant upon terms and conditions or probation.

A revocation of a suspended sentence lies in the discretion of the trial court and that discretion is quite broad. See, e.g., Hamilton v. Commonwealth, 217 Va. 325 (1976); Singleton v. Commonwealth, 11 Va. App. 575 (1991); Preston v. Commonwealth, 14 Va. App. 731 (1992).

In this case, the trial court judge informed the petitioner of the conditions of the suspension of his sentence three times during his sentencing hearing on May 17, 1989. (Tr. at 44-45). The petitioner violated those explicit terms after his release by, among other violations, violating the law. Specifically, he was charged with credit card fraud on May 6, 1998, and pled guilty to the charge on July 10, 1998. This violation of the law alone was sufficient under Virginia Code § 19.2-306 for the trial court to revoke the suspension of the petitioner's sentence and to re-sentence the petitioner subject to any additional terms, conditions, or probation as the trial court deemed appropriate. Furthermore, the petitioner's discharge from parole on July 22, 1997, did not, as the petitioner claims, discharge all of the petitioner's obligations under the trial court's May 17, 1989, judgment. Rather, pursuant to Virginia Code § 19.2-306, the trial court retained the discretion to revoke the suspension of the petitioner's sentence for "good cause" within the period of suspension fixed by the court, which, in this case, was twenty (20) years.

The Court, having reviewed the record and examined the objections filed by the petitioner to the United States Magistrate Judge's Report, and having made de novo findings with respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the report of the United States Magistrate Judge filed November 26, 2007. It is, therefore, **ORDERED** that the petition be **DENIED** and **DISMISSED**. It is further **ORDERED** that judgment be entered in favor of the respondent. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

Petitioner is hereby notified that he may appeal from the judgment entered pursuant to this

Final Order by filing a <u>written</u> notice of appeal with the Clerk of this court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within 30 days from the date of entry of such judgment.

The Clerk is hereby **DIRECTED** to deliver a copy of this Order to the petitioner and all counsel of record.

/s/
Robert G. Doumar
Senior United States District Judge

February 19, 2008
Norfolk, Virginia